# LAKE *v.* GUNN.

PATENTS; INTERFERENCE; BURDEN OF PROOF.

1. The burden of proving priority of invention by a preponderance of the evidence rests on the junior party. (Following *Smith* v. *Smith,* 31 App. D. C. 518.)

2. In an interference relating to fair water doors and torpedo tube caps used in launching torpedoes from the torpedo tube of a boat, where neither party relies upon actual reduction to practice before filing his application, and it appears that the junior party conceived and disclosed the invention of the issue prior to the alleged conception of his adversary, his uncorroborated testimony that it was his intention to equip a boat under construction with the invention of the issue is not sufficient to overcome the prior constructive reduction to practice of the senior party. (Following *Malcom* v. *Richards,* 47 App. D. C. 582.)

No. 1199.   Patent Appeals.   Submitted January 16, 1919.   Decided February 3, 1919.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. J. Edgar Bull, Mr. Mercer D. Blondel,* and *Mr. W. H. Finckel, Jr.,* for the appellant.

*Mr. Dean S. Edmonds* and *Mr. John C. Pennie* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The invention of this interference relates to fair water doors and torpedo tube caps used in launching torpedoes from the torpedo tube of a boat.

Thomas McCheyne Gunn's application was filed November 30, 1912, and Simon Lake's April 7, 1914. Gunn is, therefore, the senior party, and the burden of proving priority by a preponderance of the evidence rests on Lake. *Smith* v. *Smith,* 31 App. D. C. 518. Neither party alleges an actual reduction to practice before filing his application. Gunn satisfactorily established invention in June, 1912. Lake claims conception and disclosure in Russia in 1906. Gunn became active in the latter part of June or about the 1st of July, 1912, and continued so until he filed in the following November. Assuming that Lake was the first to conceive and disclose the invention, was he diligent when Gunn entered the field in June or July, 1912? He claims that he was, and asserts in this connection that he was given a contract by the government for the construction of a submarine in 1911, and that it was then his intention to place the structure of the issue upon the boat, and that this intention is disclosed by certain tracings in evidence prepared by him prior to March 15, 1913; but we are unable to discover in these tracings any evidence of such an intention, nor is there anything in his proposal to construct the boat or in any other document prepared by him or under his direction which supports his claim. Mills, a draftsman engaged by the government, testified that a blue print of a traced plan was received from Lake in December, 1912 (after Gunn had filed), and that work on the fair water doors was begun by Lake December 9, 1912. Esmond, of the Lake Company, places the dates of the drawings disclosing the fair water doors in June, 1912, which, if correct, would show that Lake was at work on the invention of the issue before Gunn's constructive reduction to practice, but it develops that Esmond's memory of dates is not reliable,—for example, he said that the contract with the government was awarded to Lake in 1910, whereas Lake himself says that it was in 1911. He also said that materials for the construction of the doors were ordered in September and delivered in October, 1910, several months before the contract was awarded. This is not probable. We cannot accept his testimony.

In 1913 the Lake Company, being unable to finish the boat

within the contract time, surrendered it to the government. Early in the same year it was equipped with the doors of the issue; but this in itself is not sufficient to establish that Lake intended from the beginning to supply the boat with the doors. His testimony that it was his purpose to do so is not corroborated. This is fatal to his case. *Malcom* v. *Richards,* 47 App. D. C. 582, 583, and cases there cited.

We think the decision of the Commissioner of Patents, awarding priority to Thomas McCheyne Gunn, is correct and should be affirmed.                           *Affirmed.*

A motion for rehearing was denied March 1, 1919.